UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SC, A MINOR, BY AND THROUGH HER NEXT FRIEND, KC | ) ) ) | **3-20CV-0623-** |
| Plaintiff, | ) ) | Civil Action No._____ |
| vs. | ) ) | |
| ACT INC., | ) ) | |
| Defendant. | ) ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SC, by and through her Next Friend, KC (mother of SC) and undersigned counsel, commences this complaint against ACT, Inc. (Defendant), for violating the federal and state non-discrimination statutes, namely the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 and the Texas Human Resources Code respectively, which require equal access and appropriate accommodations.

### INTRODUCTION

1. This action challenges the discriminatory denial of appropriate testing accommodations as requested by plaintiff, SC, on the ACT examination (ACT), which is administered by Defendant. The discrimination challenged herein has deprived plaintiff, SC a person with disabilities, from taking the ACT on a level playing field with her non-disabled peers. These civil rights violations are ongoing and include discrimination and failure to provide appropriate accommodations in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. as amended ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. 794 (Section 504) and the Texas Human Resources Code, Tex Hum. Res. Code §§121.001-121.011

(THRC). Immediate and permanent injunctive relief is necessary to ensure that Plaintiff is no longer excluded from, deterred from or otherwise discriminated against in taking the ACT.

2. Defendant has failed to provide Plaintiff appropriate testing accommodations on the ACT, which includes extended time (50% or time and one half). Plaintiff furnished Defendant with extensive documentation on several occasions of her disabilities and entitlement to accommodations. Plaintiff brings this action to enforce her statutory rights to appropriate accommodations and equal educational opportunities under the ADA, Section 504 and THRC. Defendant administers the ACT, a standardized test utilized and required by many colleges in the United States as part of the admissions process. Defendant has the legal, educational and professional responsibility to offer appropriate testing accommodations to individuals with disabilities on the ACT. Such accommodations, which are neither expensive nor difficult to provide, allow individuals with learning disabilities and other cognitive impairments, like Plaintiff, to demonstrate their aptitude and skill level.

## JURISDICTION AND VENUE

3. This action arises under the laws of the United States, specifically the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et. seq.* and Section 504, 29 U.S.C. §794. Therefore, this Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 and 1343. This Court further has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and further relief pursuant to 28 U.S.C. §2202.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the ACT in this district and has

sufficient contacts for personal jurisdiction. Alternatively and cumulatively, venue is proper in this Court pursuant to 28 U.S.C. §1391 in that acts of discrimination have taken place in this District and Plaintiff resides in this District.

## PARTIES

6. Plaintiff, SC is a seventeen-year-old high school student attending high school in Dallas, Texas. She is diagnosed with and affected by Specific Learning Disorders, Attention Deficit Hyperactivity Disorder (ADHD) and other neuro-cognitive impairments. Plaintiff is a person with disabilities under the ADA, Section 504 and THRC. She intends to take the ACT in the Spring and Fall of 2020. Defendant has previously and continues to deny Plaintiff's request for appropriate accommodations on the ACT.

7. Defendant, ACT, Inc., is a not-for-profit organization headquartered in Iowa City, Iowa. The Defendant administers the ACT, a standardized examination utilized in the admission process by many colleges in the United States. Defendant is a private entity that offers examinations related to applications and credentialing to postsecondary education, professional and trade purposes and as such is subject to the non–discrimination and reasonable accommodation requirements of the ADA. Defendant administers the ACT throughout the country, including Texas and specifically, the Northern District of Texas.

8. Defendant engages in business in Texas and this judicial district and this action arises from those business activities.

## FACTUAL ALLEGATIONS

9. Plaintiff is a high school junior and is expected to apply for colleges admission during the fall 2020.

10.     A prerequisite to admission to a majority of United States colleges and universities is that college applicants must provide scores from a standardized college admission examination such as the ACT.[1]

11.     If Plaintiff does not receive appropriate accommodations on the ACT, her exam results will not reflect her aptitude and achievement level as required by law.

### Plaintiff's History of Disability and Accommodations

12.     Throughout most of SC's education, she has been impaired by a learning disabilities and attention deficit hyperactivity disorder (ADHD).

13.     SC's was first evaluated in 2010 and recognized in second grade (age 7) as having disabilities and requiring accommodations in school. A highly qualified educational psychologist conducted SC's evaluation. Results of her evaluation reflected that she exhibited deficits with cognitive processing, reading fluency, reading accuracy, attention, handwriting and developmental coordination.

14.     Her evaluator made several recommendations to address her disabilities, including but not limited to: remedial instruction with an academic language therapist to improve reading decoding and reading fluency skills; remedial therapy with a handwriting specialist to improve handwriting skills; monitoring of attention skills, consideration of stimulant medication; consideration of extended time on tests as she progresses in school, tests administered in a minimally distracting room.

15.     SC's pediatrician reviewed the evaluation, conducted an examination and reviewed normed behavior assessments. Based on this evaluation, SC was started on stimulant medication when she was eight years old to address her attentional symptoms and impairments.

---

[1] The ACT and its competitor, SAT, administered by the College Board are both standardized college admission examinations required by most United States colleges and universities in the admissions process.

16. During SC's second grade year, her school implemented an Educational Accommodations Plan (EAP) which provided accommodations and adaptations to address her educational challenges.

17. SC's school implemented an EAP in fifth grade (2013-2014) that provided accommodations, which addressed reading, writing, organization, attention and testing. Specifically, the EAP expressly provided extended time on tests and assignments.

18. As SC was entering sixth grade (August 2014), she was evaluated by the same educational psychologist who conducted the prior evaluation. The results of the evaluation reflected that SC demonstrated deficits in cognitive processing, handwriting, spelling, grammar, punctuation, reading accuracy and reading fluency. It was further noted that disorganization and forgetfulness were impacting her school functioning.

19. SC's evaluator provided several recommendations concerning her educational programming including but not limited to: participation in her school's Learning Lab program for study and organizational skills; continued work with a certified academic language therapist to address weaknesses in spelling, reading decoding and reading fluency; use of a word processor to accommodate efficiency of written expression; preferential classroom seating, provisions to take test in a classroom with few distractions and time and one-half (50%) extended time on timed tests.

20. SC has required extensive tutoring and remediation throughout her education. Throughout her primary education she received specialized instruction from a certified academic language specialist to address deficits in spelling, reading decoding, and reading fluency. Documentation of this extensive tutoring was furnished to ACT.

21. SC was also approved for and utilized 50% extended time for the Educational Records Bureau (ERB) Comprehensive Testing Program (CTP) exams, which are standardized

exams in reading, math and writing. The ERB CTP exams were administered with accommodations to SC in 5th through 8th grades.

22. In May – June 2017, as SC was completing eighth grade, she was evaluated by the same educational psychologist who conducted the prior evaluations. The evaluation indicated that SC continued to demonstrate deficits consistent with her prior evaluations. It was further noted that disorganization and distractibility were impacting her school functioning. Her evaluator recommended several accommodations including but not limited to 50% extended time for in-class reading and writing assignments and on standardized testing; use of a word processor for writing essays; use of audiobooks or e-books for reading comprehension; and testing in a less distracting environment.

23. Throughout middle school, SC's EAP issued by her school, provided several accommodations including 50% extended time for testing.

24. During high school commencing in her ninth grade year (2017-2018) and for each year thereafter, the EAP issued by her school implemented accommodations including provisions for double (100%) extended time for testing.

25. In addition to receiving approval for accommodations throughout school, The College Board approved for SC to receive 50% extended time on all sections of its exams, which is applicable to the PSAT, SAT, SAT Subject exam and AP exams.

### The ACT Examination

26. The ACT is a standardized national college admissions examination, the principal purpose of which is to aid colleges in the United States, make admission, scholarship and placement decisions. The ACT, results are accepted by all four year colleges and universities in the United States as criteria for admissions.

27. The ACT assessment purports to provide an indicator of college readiness.

28. The ACT assessment consists of multiple-choice tests in English, Mathematics, Reading, and Science. The English section consists of a 45 minute, 75 question multiple choice test, that purport to measure ones understanding of English, production of writing and knowledge of language skills. The Mathematics section consists of a 60 minute, 60 question multiple choice test, that purports to measure math skills acquired in courses up to the beginning of 12th grade. The Reading section consists of a 35 minute, 40 question multiple choice test, that purports to measure reading comprehension commonly encountered in first year college curricula. The Science section consists of 35 minute, 40 question multiple-choice test that purports to measure the interpretation, analysis, evaluation, reasoning and problem solving skills required in biology, chemistry, Earth/space sciences and physics. The ACT also provides an optional Writing Test, which consists of a 40-minute essay test based on a single prompt.

29. The ACT assessment is administered within the United States on seven test dates each year in September, October, December, February, April, June and July. Students typically take the ACT assessment and other college admission assessments from December through July of their junior year in order to have the requisite scores for submission of college applications in the fall of the student's senior year.

### Defendant's Denial of SC's Request For Accommodations

30. In the Spring/Summer 2019, SC's school on her behalf submitted to Defendant a request for accommodations on the ACT. The accommodations requested included seating in a less distracting environment, use of computer for the essay portion and 100% extended time for all sections.

31. Annexed to SC's request was documentation which supported her request for accommodations including her evaluation reports from her educational psychologists who individually assessed her and her EAPs.

32. The documentation provided to Defendant substantially complied with the documentation required by the Defendant for requesting accommodations on the ACT. This documentation demonstrated that SC's evaluator recommended accommodations, including extended time on tests and standardized examinations and that she previously received extended time on exams throughout school and on several standardized examinations.

33. By letter dated August 14, 2019, Defendant informed SC of its decision regarding her request for accommodations.

34. Defendant concluded that SC is a person with disabilities under the ADA.

35. In rendering its decision, Defendant approved certain accommodations including preferential seating, computer for essay and extended time on the essay.

36. Despite finding that SC is a person with disabilities, Defendant denied her request for extended time on the English, Math, Reading and Science multiple choice sections.

37. The Defendant stated that the reason it denied the request for extended time on the multiple choice sections was, "[s]ubmitted documentation indicates a learning disability in written expression and/or a physical disability that may impact the writing section of the ACT."

38. Charles Weiner, Esquire, Counsel for SC, submitted a letter dated November 15, 2019. Counsel's letter requested a review and reconsideration of Defendant's decision. Counsel's letter summarized SC's history of prior evaluations and use of accommodations; summarized the legal standards under the ADA; and requested that Defendant approve extended time (50%)[2] on

---

[2] While SC's original request was for 100% extended time. Counsel on SC's behalf requested 50% extended time.

all sections of the ACT, consistent with the recommendations by EC's evaluator and provided throughout high school, the ERB CTP examinations and College Board examinations.

39. Submitted with counsel's letter of November 15, 2019 was further documentation supporting EC's request for accommodations. The documentation submitted included the following:

    a. College Board – January 27, 2018 letter approving 50% extended time.

    b. September 25, 2019 letter the Director of Academic Learning Support at SC's high school–documenting extended time on ERB exams and the PSAT.

    c. Personal Statement.

    d. Tutor letter.

    e. School – Educational Accommodation Plans (2012-2020).

    f. Three ACT Teacher Survey Forms.

    g. M. Matthew Housson, Ph.D. – Psychoeducational Reevaluation – August 7, 2017.

    h. M. Matthew Housson, Ph.D. – Addendum to 2017 Psychoeducational evaluation – May 22, 2019.

    i. M. Matthew Housson, Ph.D. – Psychoeducational Reevaluation – August 29, 2014.

    j. M. Matthew Housson, Ph.D. – Psychoeducational Evaluation – September 13, 2010.

40. The forgoing documentation provided current and historical evaluations, which established that SC has a long and well documented history of learning disabilities that impact her reading, learning, reading fluency, reading accuracy, thinking and writing at the same rate, condition and manner as most people. Moreover, the foregoing documentation provided proof that SC previously received and currently receives extended time accommodations in school and on several standardized examinations.

41. By letter dated December 2, 2019, Defendant rejected SC's request for extended time.

42. The Defendant stated that the reason it denied the request for extended time on the multiple choice sections was as follows:

> Submitted documentation indicates a learning disability in written expression and/or a physical disability that may impact the writing section of the ACT. If documentation of a substantial limitation that requires extended time for the multiple-choice section of the ACT is available, please provide it for review. If the concern is related to Scantron use, please indicate in the other box "student marks answers in test booklet".
>
> A diagnosis based on a deficit in processing speed is not a diagnosis recognized formally in the clinical or research literature. There really is no learning disability for speed, in part because there are so many reasons why certain people perform some tasks more slowly than others. These reasons could be related to one's work style, fatigue, depression, medication use, unconscious or conscious malingering, anxiety, or any number of disorders (i.e., brain injury, ADHD, LD). An unexplained isolated lower score on timed tests of simple, clerical tasks does not constitute a substantial limitation in any major life activity, and consequently does not meet the ADA's definition of disability.

43. By letter dated January 13, 2020, counsel submitted another appeal addressing the numerous factual and legal flaws with Defendants denials.

44. In a letter dated January 23, 2020, ACT maintained its denial, providing a summary of its outside consultant's recommendations to reject the SC's request for extended time.

45. By letter dated February 3, 2020, counsel submitted a response to ACT's January 23, 2020 denial by addressing the provisions of the ADA and its regulations that Defendant and its outside consultant failed to apply.

46. By e-mail dated February 26, 2020, Defendant's Senior Manager for Test Accommodations maintained the denial of extended time asserting, "[e]xtended time on the

multiple choice sections of the assessment is not warranted based on a writing disability, and the independent expert provided a detailed analysis of their recommendation. **Independent experts do not argue the purpose or scope of the ADA, nor do they defend their decisions under the rubric of the ADA.** (Emphasis added)

47. In spite of never having met SC, never having tested her or never having evaluated her, ACT ignored a qualified professional who observed and evaluated SC multiple times and her history of receiving extended time in school and on other standardized examinations in clear violation of 28 C.F.R. §36.

48. The requested accommodations of 50% extended time is necessary to appropriately accommodate the condition and manner of SC's limitations. Without this accommodation SC will be unable to demonstrate her actual knowledge, skills and abilities on the ACT.

49. SC has an indisputable disability that substantially limits her major life activities of thinking, learning, reading, concentrating, studying, writing, processing information and taking standardized examinations in the same condition and manner as most people. Under the ADA, SC is entitled to the accommodation of 50% extended time. Defendant's refusal to provide these requested appropriate accommodations is a violation of SC's rights under the ADA and the Texas Human Resources Code.

50. SC requires 50% extended time on the ACT not to gain an advantage, but to attempt to level the playing field because Plaintiff's functional limitations impact her ability to take a strictly timed standardized examination that non-disabled test takers do not experience.

51. If Plaintiff does not take the ACT with the appropriate accommodation, she will be irreparably harmed because she will lose the extensive time she has invested in preparation for the ACT; she will be prevented from competing on a level playing field with other students applying

to college; and she will be unreasonably delayed or prevented from taking the ACT and applying to colleges.

52. The accommodation of 50% extended time requested by Plaintiff is the type of accommodation that has been granted to other test takers with disabilities in prior administrations of the ACT.

53. As noted above, SC through counsel has notified Defendant of its violation of the ADA and requested that it remedy this matter by providing the requested accommodation.

## COUNT I – VIOLATION OF THE ADA

54. Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

55. Plaintiff is an individual with a disability within the meaning of the ADA, 42 U.S.C. §12101 et. seq. Accordingly, Plaintiff is a qualified individual within the meaning of the ADA in that she meets all the eligibility criteria for taking the ACT.

56. Plaintiff requires appropriate accommodations to participate in a fair, full, and equal basis on the ACT. The modifications that Plaintiff needs, namely 50% extended time would not impose a fundamental alteration, but would attempt to level the field and allow her aptitude and abilities to be fairly and accurately measured.

57. Defendant administers the ACT, which are examinations related to applications and credentialing for postsecondary education, professional, and trade purposes, within the meaning of the ADA, 42 U.S.C. § 12189.

58. The ADA, 42 U.S.C. § 12189, requires Defendant to offer these examinations in a manner accessible to persons with disabilities.

59. Title III of the ADA, which is enforced by the U.S. Department of Justice, states in pertinent part, "It is discriminatory to fail to make reasonable modifications to policies, practices, and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §12182(b)(2)(A)(ii).

60. The Department of Justice regulations mandate that a private entity offering examinations modify its examinations as necessary to ensure full and equal access to persons with disabilities, including through the provision of extra time to permit completion. 28 C.F.R. §§ 36.309(b) & (c).

61. The Department of Justice Regulations prohibit Defendant from administering the ACT without ensuring that the scores reported "accurately reflect the applicant's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the applicant's [disability]." 28 C.F.R. § 36.309(b)(1)(i).

62. The Department of Justice (DOJ) Regulations require that when considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations, as well as such modifications, accommodations, or related aids and services provided in response to a plan describing services. 28 C.F.R. §36.309(b)(1)(v).

63. The DOJ's ADA Guidance further provides, "[r]eports from experts who have personal familiarity with the candidates should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment." 28 C.F.R. pt. 36, app. A, at 796.

64. The DOJ's regulations require: "any request for documentation …is reasonable and limited to the need for the modification, accommodations, or auxiliary aid or service requested."

65. Defendant has discriminated, and continues to discriminate against Plaintiff on the basis of her disability by denying her an equal opportunity to demonstrate her aptitude and achievement level on the ACT in violation of the ADA, specifically 42 U.S.C. §12182, §12189 and 28 C.F.R. §36.309.

66. Defendant's discriminatory policies and practices violate Plaintiff's rights under the ADA and the regulations promulgated thereunder. Defendant's discriminatory policies and practices include but are not limited to:

  a. Failure to grant accommodations when Plaintiff submitted the requisite documentation and provided documentation of a history of comparable accommodations on standardized examinations and other academic examinations.

  b. Failure to give considerable weight to Plaintiff's evaluators.

  c. Failure to provide a clear explanation for denial.

  d. Failure to offer examination in a place and manner that is accessible to individuals with disabilities and best ensures that the examination accurately reflects Plaintiff's aptitude, achievement level, or whatever other factor the examination purports to measure.

  e. Failure to engage in good faith in the interactive process to consider and implement effective accommodations to Plaintiff's disability.

  f. Failure to give considerable weight to Plaintiff's prior approval and use of accommodations in school and on standardized examinations.

  g. Failure to consider Plaintiff's request for accommodations without regard to the ameliorative effects of mitigating measures.

  h. Failure to conduct a proper review and apply appropriate legal standards to Plaintiff's request for appropriate accommodations.

  i. Placing an extreme burden of proof, beyond what is required by the ADA, to establish Plaintiff's disability or need for accommodations.

67. Plaintiff will be irreparably harmed if the Defendant continues its unlawful refusal to provide her the appropriate test accommodations as requested and unless this Court grants injunctive relief prohibiting the continued violation of Plaintiff's ADA rights and compelling Defendant to provide the requested accommodation.

68. Defendant will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

69. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that persons with disabilities are treated fairly and provided with opportunities equal to those persons in the community without disabilities. The public interest will not be served by allowing Defendant to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which she is justly entitled.

70. As a result of the Defendant's violation of the ADA, Plaintiff has suffered or will suffer great injury, including, but not limited to, lost time in preparation for the ACT, lost employment opportunities, lost educational opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

71. Defendant's conduct constitutes an ongoing and continuous violation of the ADA. Unless enjoined from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief under the ADA, 42 U.S.C. § 12188.

## COUNT II – VIOLATION OF SECTION 504

72. Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

73. Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified

individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

74. Section 504 defines "program or activity," in pertinent part, as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government . . . ." 29 U.S.C. § 794(b)(1).

75. Such federally funded programs and activities must provide aids and services that "afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

76. ACT receives federal grants, contracts, and other financial assistance, thereby subjecting itself to the requirements of Section 504.

77. Plaintiff is a qualified individual with a disability under Section 504.

78. Defendant has, solely by reason of Plaintiff's disability, excluded Plaintiff from participation in, denied her the benefits of, and otherwise discriminated against her in its service, programs or activities.

79. Defendant's actions set forth more fully above and incorporated herein, constitute intentional discrimination on the basis of disability in violation of Section 504.

80. The actions by ACT were done intentionally or with deliberate indifference to the protected rights of Plaintiff.

81. As a proximate cause of Defendant's discrimination, Plaintiff suffers and continues to suffer harm including but not limited to actual monetary loss, future monetary losses, and other injuries such as embarrassment, frustration, emotional distress, humiliation and denial of equal treatment and access.

## COUNT III – DECLARATORY RELIEF

82. Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

83. A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated and continues to violate her rights under the Americans with Disabilities Act as amended, 42 U.S.C. sections 12101, *et seq*. Based upon information and belief, Defendant denies these allegations, thus declaratory relief is therefore necessary and appropriate. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties accordingly relief is therefore necessary and appropriate.

## COUNT IV – VIOLATION OF TEXAS HUMAN RESOURCES CODE, TEX HUM RES. CODE §§121.001-121.011

84. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

85. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that all claims are related and arise from a common nucleus of operative facts and Plaintiff expects to try all related claims in one judicial proceeding.

86. Plaintiff is an individual with disabilities within the meaning of Tex. Hum. Res. Code §121.002, which prohibit unlawful discrimination against any person because such person is or has been disabled.

87. The Texas Human Resources Code further provides that private entities, such as

Defendant that offer examinations for or a course related to application, certification, credentialing or licensing for secondary or postsecondary education, a profession or trade, shall make the examination assessable to persons with disabilities and make appropriate accommodations available. Tex Hum. Res. Cod §121.011.

88. The Texas Human Resources Code further provides that an entity that discriminates against a person with a disability is deemed to deprive that person with a disability of his or her civil liberties and that such harms give rise to a cause of action for damages.

89. The acts and/or omissions of Defendant were intentional and/or done with deliberate indifference to the protected rights of Plaintiff.

90. Defendant has discriminated, and continues to discriminate against Plaintiff on the basis of her disability by denying her accommodations, which deprives Plaintiff an equal opportunity to demonstrate her aptitude and achievement level on the ACT and further depriving Plaintiff the privileges and advantages of taking the ACT in a discriminatory free environment.

91. As a result of the Defendant's violation of the ADA and Texas Human Resources Code, Plaintiff has suffered or will suffer great injury, as set forth in the preceding paragraphs of this Complaint, which are incorporated by reference, and in addition thereto has and will suffer out-of-pocket pecuniary losses, and emotional distress and anguish.

92. Defendant's conduct constitutes an ongoing and continuous violation of the Texas Human Resources Code. Unless enjoined from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries on Plaintiff. Consequently, Plaintiff is entitled to injunctive relief, compensatory and punitive damages.

### RELIEF REQUESTED

1. An order compelling the Defendant, or those acting as agents for or in concert with

it, to immediately cease and desist from its refusal to accommodate Plaintiff's request for appropriate accommodations on the ACT examination and ordering that the Defendant immediately comply with the ADA, Section 504 and Texas Human Resources Code by allowing Plaintiff the requested appropriate accommodation on the ACT, which shall include 50% extended time on all sections of the examination, said accommodation shall also be made applicable to all future ACT examinations.

2. Make the above order permanent and that such order be made applicable to all future examinations administered by Defendant and taken by Plaintiff.

3. An order granting such other injunctive relief as may be appropriate.

4. An order granting declaratory relief.

5. An order awarding compensatory and punitive monetary damages.

6. An award for attorney fees, costs, and expenses of suit incurred herein.

7. Award for such other and further relief as the Court may deem just and proper.

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SC, A MINOR, BY AND THROUGH HER NEXT FRIEND, KC

**DEFENDANTS**
ACT, Inc.

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED MAR 11 2020 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth C. Stone, Gray Reed & McGraw, LLP, 1601 Elm Street, Suite 4600
Dallas, Texas 75201; 469-320-6106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)* *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

(Checked: ☒ 446 Amer. w/Disabilities - Other)

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101 et. seq., 29 U.S.C. § 794

Brief description of cause:
Violation of ADA, 42 U.S.C. §1201 et.seq. and 29 U.S.C. §794 (Section 504) failure to provide accommodations.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

**DATE:** 03/11/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____