IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| S.C., a Minor, By and Through Her Next Friend, K.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-00623-E |
| ACT, INC, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff's Emergency Motion for Sealing Order requesting the Court to seal her Original Complaint and all other documents that have and will be filed in this case. (Doc. No. 2). The public generally has a right to inspect and copy court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A district court may seal court records, but must do so sparingly in light of the "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010). Courts typically require compelling reasons to seal court documents, and the party seeking to seal court documents has the burden to establish the presumption of public access to court records in a case should be overcome. *Franklin v. Law Firm of Simon, Eddins & Greenstone, L.P.*, 2012 WL 2159219, at *2–4 (N.D. Tex. June 14, 2012).

In this case, Plaintiff asserts claims against ACT, Inc. for disability discrimination in the administration of standardized examinations. According to plaintiff, the case will involve references to, and documents regarding, her disability and "highly personal information regarding

1

[her] psychological profile and history including reports, opinions and treatment from mental health professionals concerning [her] condition, diagnosis and treatment; as well as school records which are confidential and subject to privacy statutes." She asserts making the information available to the public, "particularly in this era of hyperactive social media," may subject her "to stigma, ridicule, hate and further discrimination in school and employment."

The Court finds Plaintiff fails to meet her burden of establishing her interests in secrecy overcome the strong presumption in favor of access to court records such that this case should be under seal. *See, e.g., Brez v. Fougera Pharmaceuticals, Inc.*, 2018 WL 2248544, at *2 (D. Kan. Apr. 20, 2018) (denying motion to seal Title VII and ADA case on plaintiff's argument that opening record would harm her professional future). Accordingly, Plaintiff's motion is **DENIED**. Of course, Plaintiff is free to seek leave to file sensitive medical and personal identification information under seal as long as her request is not overbroad. *See Crawford v. United States*, 2005 WL 8158351, at *3 (N.D. Tex. Feb. 17, 2005), *aff'd*, 245 F. App'x 369 (5th Cir. 2007); *Woods v. Smith*, 2013 WL 655731, at *7–8 (S.D. Tex. Feb. 20, 2013), *aff'd*, 554 F. App'x 332 (5th Cir. 2014). And, as the case progresses, the parties also may seek leave to enter an appropriate protective order.

The Clerk is directed to unseal the records in this case.

**SO ORDERED**; signed March 25, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE